# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 21-50504

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Daniel Flores-Gamino,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-5-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Juan Daniel Flores-Gamino appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the first time on appeal, Flores-Gamino contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense. He concedes

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that this argument is squarely foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998), but wishes to preserve it for further review.

We agree with the parties that *Almendarez-Torres* resolves the sole issue in this appeal. While Flores-Gamino invokes *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013) in support of his claim, these cases did not overrule *Almendarez-Torres*. *Alleyne* stated explicitly that it was not overruling *Almendarez-Torres*. *Alleyne*, 570 U.S. at 111 n.1. Our court has likewise recognized that *Almendarez-Torres* remains good law. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED AS MOOT.